# EXHIBIT B

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| JUSTIN S. WENTZ, | CIVIL DIVISION |
| Plaintiff, | Docket No.: GD-20-008635 |
| vs. | |
| BLACK & DECKER (U.S.) INC. t/d/b/a PORTER-CABLE; STANLEY BLACK & DECKER, INC.; THE BLACK & DECKER CORPORATION; and PORTER-CABLE CORPORATION, | **COMPLAINT IN CIVIL ACTION** |
| | Filed on behalf of: Justin S. Wentz |
| Defendants. | Counsel of Record for this Party: |

Peter D. Friday, Esquire
pfriday@fridaylaw.com
PA I.D. # 48746

Kevin S. Burger, Esquire
kburger@fridaylaw.com
PA I.D. # 60653

John K. Bryan, Esquire
jbryan@fridaylaw.com
PA I.D. # 62901

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, Pennsylvania 15216
Telephone:  412-561-4290
Facsimile:  412-561-4291

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JUSTIN S. WENTZ,                                 CIVIL DIVISION

                            Plaintiff,

                                                Docket No.:  GD-20-008635
        vs.

BLACK & DECKER (U.S.) INC. t/d/b/a
PORTER-CABLE; STANLEY BLACK &
DECKER, INC.; THE BLACK & DECKER
CORPORATION; and PORTER-CABLE
CORPORATION,

                            Defendants.

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the cl ˙ s set o ˙ the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you an    judgment   ay be e tered ag ˙ st yo  by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs.  You may lose money or property or ot er rig ts important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE   O    ITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor, Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA  15219**
**(412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

JUSTIN S. WENTZ,                              CIVIL DIVISION

               Plaintiff,

                              Docket No.:  GD-20-008635

     vs.

BLACK & DECKER (U.S.) INC. t/d/b/a
PORTER-CABLE; STANLEY BLACK &
DECKER, INC.; THE BLACK & DECKER
CORPORATION; and PORTER-CABLE
CORPORATION,

               Defendants.

### COMPLAI  T IN CIVIL ACTIO

    Plaintiff Justin S. Wentz by and through his attorneys, Peter D. Friday, Esquire, Kevin S.

Burger, Esquire, John K. Bryan, Esquire and Friday & Cox LLC, complains and alleges as follows:

    1.    Plaintiff is an adult individual residing at 4030 Zimmerman Road, Erie, Erie County,

Pe  s lv  a 16510.

    2.    Defendant Black & Decker (U.S.) Inc. t/d/b/a Porter-Cable is a Maryland corporation

with a principal place of business at 701 East Joppa Road, Towson, Maryland 21286-5559.

    3.    Defendant Stanley Black & Decker, Inc. is a Connecticut corporation with a principal

place of business at 1000 Stanley Drive, New Britain, Connecticut 06053.

    4.    Defendant The Black & Decker Corporation is a Maryland corporation with a

principal place of business at 701 East Joppa Road, Towson, Maryland 21286-5559.

    5.    Defendant Porter-Cable Corporation is a fictitious business entity with a principal

place of business at 4825   ighway 45, North Jackson, Tennessee 38305.

6. Defendant Black & Decker (U.S.) Inc. t/d/b/a Porter-Cable is a multinational marketer, promoter, seller, producer, manufacturer, designer and developer o  precision po  er machine tools and industrial performance solutions.

7. Defendants Stanley Black & Decker, Inc. and The Black & Decker Corporation are the corporate parent/stockholders of defendant Black & Decker (U.S.) Inc. t/d/b/a Porter-Cable and each participate in the marketing, promoting, selling, producing, manufacturing, designing and developing of precision power machine tools and industrial performance solutions.

8. At all relevant times, defendants Stanley Black & Decker, Inc. and The Black & Decker Corporation were responsible for the actions of defendant Black & Decker (U.S.) Inc. t/d/b/a Porter-Cable and exercised control over defendant Black & Decker (U.S.) Inc. t/d/b/a Porter-Cable's functions specific to the oversight and compliance with applicable safety standards relating to and including its   recision   ower machine tools sold in the United States.

9. All   efend   ts re  l ly tr de and co   ct b si ess ˙  the Co   o   ealth o Pennsylvania, gaining substantial revenue therefrom.

10. At all relevant times, each defendant acted as authorized agent, servant, employee, representative, subcontractor and assignee of one or more of the other defendants.

11. Pursuant to 42 Pa.C.S. §5322, there is jurisdiction over the non-resident defendants because they regularly transacted business in the Commonwealth of Pennsylvania, caused tortious injury in the Commonwealth of Pennsylvania through an act, omission and/or defective product within the Commonwealth or by an act, omission and defective product outside of the Commonwealth, and because they derived revenue from goods and products used in the Commonwealth of Pennsylvania.

2

12.    The incident described herein occurred on or about August 16, 2018, at plaintiff's place of employment, Schutte Woodworking (hereinafter "employer"), located at 2831 Zimmerman Road, Erie, Pennsylvania 16510.

13.    Before the at issue incident, defendants jointly marketed, promoted, sold, produced, manufactured, designed and developed the Porter Cable Model 75361 Production Router Base ("base") and Model 7519 Production Router ("router"), electric motorized power tools which jointly function to route, carve and cut wood in the woodworking process.

14.    At the time of this incident, plaintiff's employer owned and used a  ase and router, which were marketed, promoted, sold, produced, manufactured, designed and developed by defendants.

15.    On or about August 16, 2018, plaintiff was operating the base and router in the course of his employment, in a manner intended by defendants, and for the foreseeable and intended purposes for which it was designed, manufactured, sold, supplied and serviced by the defendants.

16.    As plaintiff was making a groove in a piece of wood, the router malfunctioned and suddenly kicked back the piece of wood plaintiff was routing, causing plaintiff's right hand to jolt forward into the drill bit of the router.

17.    Plaintiff's right ring and pinky fingers came into contact with the drill bit of the router, causing them to be traumatically amputated.

18.    As   direct   d proxim te res lt of the   orementioned inci ent, pl  ti  s st ine the following serious injuries, some or all of which are or may be permanent in nature:

a.  Traumatic amputation of right fourth and fifth fingers;

b.  Open fracture of right fourth and fifth fingers;

c. Acute right fourth and fifth digit partial amputations;

d. The loss of his right fourth and fifth fingers;

e. Traumatic crush injuries to the bones, nerves, ligaments, tissues, muscles, and vessels of his right fourth and fifth fingers;

f. Multiple wounds and contusions to his right fourth and fifth fingers;

g. Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of his right fourth and fifth fingers; and

h. Nervousness, emotional tension, anxiety and depression.

19.     As a direct and proximate result of the aforementioned incident, plaintiff sustained the following damages, some or all of which are or may be permanent:

a. Great pain, suffering, inconvenience, embarrassment, mental anguish and emotional and psychological trauma;

.   e  as  een and may continue to be required to expend large sums of money for medical treatments and care, surgeries, hos italization, medical supplies, sur ical appliances, rehabilitation and therapeutic treatments, medicines and other attendant services;

c. Lost earnings;

d. His earning capacity has been reduced and is likely permanently impaired;

e. Loss and impairment of his general health, fitness, strength, and well-being;

f. Inability to enjoy various pleasures of life that plaintiff previously enjoyed;

g. Permanent loss of his right fourth and fifth fingers;

h. Permanent scarring, disability, and disfigurement; and

i. Other damages to be proven at trial.

**COUNT I**
*Plaintiff v. Black & Decker (U.S.) Inc. t/d/b/a   orter-Cable, Stanley Black & Decker, Inc., The*
*Black & Decker Corporation and Porter-Cable Corporation*
**Negligence**

20.     All preceding paragraphs are incorporated herein by reference.

21.     At all relevant times, defendants jointly marketed, promoted, sold, produced,

manufactured, designed and developed the Porter Cable Model 75361 Production Router Base and

Model 7519 Production Router.

22.     Defendants owed plaintiff as a foreseeable user of their product, a duty to

manufacture, design and distribute products that were reasonably safe, and to warn users and

consumers of any defects.

23.     Defendants breached their duty to plaintiff in some or all of the following

particulars:

> a.  In fail' g to design and/or utilize proper designs or procedures for the manufacture, assembly and sale of the base and router;
>
> b.  In designing or in utilizing defective designs and procedures for the manufacture, assembly and sale of the base and router;
>
> c.  In failing to properly and/or adequately inspect the base and router in order to determine whether the base or router could be used for their intended purpose without causing injury to those persons who work, use or work near or around the base or router;
>
> d.  In failing to provide sufficient warning as to the reasonably foreseeable defects in the base and router;
>
> e.  In failing to provide sufficient warnings as to the reasonably foreseeable dangers intende  i   the   se or operation of the base and router;
>
> f.  In failing to properly or adequately instruct users and consumers in the operation of the base and router;
>
> g.     failing to install a sufficient safety guard or shield that would prevent a user from coming in contact with the drill bit of the router while it was in use;

h.  In allowing the drill bit of the router to become unstable and wobble when in use which makes it   ore likely that a kick back will occur;

i.  In failing to install an emergency shut off device to trigger when the router becomes unstable and/or when the router causes a kick back and exposes the user to dangerous injury;

j.  By approving or recommending the design, fabrication, and/or the installation of the base and router when they were each inadequate to protect a user from foreseeable injury;

k.  By noticing or recognizing known or reasonably foreseeable safety hazards the base and router posed and failing to recommend that the base and/or router be modified in such a way so as to make the machine safe for foreseeable users;

l.  By noticing or recognizing known or reasonably foreseeable safety hazards, in particular the absence of a safety guard around the drill bit of the router, yet failing to recommend that the router be modified in such a way so as to make it safe for foreseeable users;

m.  By distributing the base and router with known defects or hazardous conditions, particularly the instability of the drill bit in causing the wood to kick back, the lack of emergency shut off capability and the lack of drill bit safety guards;

n.  In failing to adequately warn plaintiff of the defective, hazardous and dangerous condition of the base and router, including the instability of the drill bit in causing the wood to kick back;

o.  In failing to properly or adequately retrofit the base and router so as to avoid crush injuries to the arm, wrist and hand;

p.  In failing to design and/or install or provide an automatic emergency shut off device when the drill bit becomes unstable while spinning;

q.  In failing to recall or otherwise take the defective base and/or router off the market;

r.  By selling, distributing or otherwise putting into the stream of commerce the base and router absent a safe and efficient Emergency Stop shut off system and safety guards around the drill bit.

**WHEREFORE**, plaintiff demands judgment against defendants in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all other relief permitted by this Honorable Court.

**COUNT II**
*Plaintiff v.  lack &  ecker (U.S.) Inc. t/d/b/a Porter-Cable, Stanley Black & Decker, Inc., The
Black & Decker Corporation and Porter-Cable Corporation*
**Strict Products Liability**

24.     All preceding paragraphs are incorporated herein by reference.

25.     At all relevant times, defendants represented to plaintiff, and to the public in general, that the base and router were safe, free from defects and generally suitable for the purposes for which they were intended.

26.     Defendants jointly marketed, promoted, sold, produced, manufactured, designed and developed the at issue base and router in the regular course of their business.

27.     Contrary to defendants' representations, and due to a defect in its design or manufacture, the base and router were in a defective, hazardous, unsafe and dangerous condition thereby, making the product(s) unfit for their intended uses and unreasonably dangerous to plaintiff and other users within the meaning of Section 402A of the Restatement of Torts (Second), both at the time  ey left the control of defendants and on the date of the aforesaid incident, in general and in the following particulars:

   a.   The router was designed, manufactured and sold in a defective condition  ecause of the unsafe and improper design and/or construction of the drill bit of the router which allowed the drill bit to become unstable and wobble, making a kick back more likely to occur;

   b.   The base and router failed to contain an emergency shut off device whereby the drill bit of the router would stop spinning whenever it became unstable and/or when the wood was caused to kick back from the drill bit;

   c.   The base and router were        c  ed and sold without the installation of any safety guards around the drill bit that would prevent users from coming into contact with the drill bit while in use;

   d.   The base and router contained defective and worn-down parts, which altered plaintiff's operation of the router;

e. The base and router lacked proper and adequate safety features which would prevent or mitigate such catastrophic failures in foreseeable situations similar to that which plaintiff faced; and

f. The base and router were distributed and sold with inadequate warnings to identify hazards associated with their se.

28.    Defendants' defective design, manufacturing, warnings and instructions were the legal and proximate cause and/or a substantial factor in causing the severe injuries and damages which plaintiff sustained.

29.    Defendants are strictly liable to plaintiff for the severe injuries and damages which he suffered pursuant to Section 402A of Restatement of Torts (Second) and Pennsylvania Law.

**WHEREFORE**, plaintiff demands judgment against defendants in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all other relief permitted y this Honorable Court.

## COUNT III
*Plaintiff v. Black & Decker (U.S.) Inc. t/d/b/a Porter-Cable, Stanley Black & Decker, Inc., The Black & Decker Corporation and Porter-Cable Corporation*
**Breach of Warranty**

30.    All preceding paragraphs are incorporated herein by reference.

31.    At the time defendants sold the base and router, they were in the business of marketing, promoting, selling, producing, manufacturing, designing and developing power machine tool equipment and were, with respect to the base and router, merchants within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

32.    The injuries and damages sustained by plaintiff were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants in connection with the sale of the base and router as the base and router did not function as intended and warranted by defendants.

**WHEREFORE**, plaintiff demands judgment against defendants Summit in an amount in excess of the jurisdictional limits of ar itration, toget er with court costs, interest and all other relief permitted by this Honorable Court.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

. Frid
I.D. # 487

Kevin S. Burger, Esquire
PA I.D. # 60653

John K. Bryan, Esquire
P    I.D. # 62901

*Counsel for Plaintiff*

9

## **VERIFICATION**

I, John K. Bryan, Esquire, counsel for the plaintiff verify the statements submitted in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief based upon the information received from plaintiff, and the documents/records related to the matters raised in this action. This verification is filed in an effort to expedite litigation. A verification from the plaintiff can and will be supplied upon the request of any party to this action. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
ter D. F           q   e
P   I.D. #

Kevin S. Burger, Esquire
PA I.D. # 60653

John K.   ryan, Esquire
P   I.   . # 62901

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on `s 30` day of October, 2 2 , a true and correct copy of the

foregoing **Complaint in Civil Action** was served by Electronic Mail and/or First Class U.S. Mail,

postage prepaid, upon the following:

Stuart H. Sostmann, Esquire
Gregory P. Graham, Esquire
501 Grant Street, Floor 7
Pittsburgh, PA 15219
shsostmann@mdwcg.com
gpgraham@mdwcg.com
(*Counsel for Defendants*)

Friday & Cox LLC

_____
r D. Fri                e
A I.D. # 487 6

Kevin S. Burger, Esquire
PA I.D. # 60653

John K. Bryan, Esquire
PA I.D. # 62901

*Counsel for Plaintiff*